UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAMES HADRATH, ) | |
| ) | |
| Plaintiff, ) | CASE NO. C04-728-JCC |
| ) | |
| v. ) | REPORT AND |
| ) | RECOMMENDATION |
| JO ANNE B. BARNHART, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

Plaintiff James Hadrath appeals to the District Court from a final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying his application for Supplemental Security Income under Title XVI of the Social Security Act. For the reasons set forth below, it is recommended that the Commissioner's decision be AFFIRMED.

## I.  PROCEDURAL HISTORY

On October 6, 2000, Plaintiff protectively filed an application for Supplemental Security Income ("SSI") payments. Tr. 241-45, 266. Plaintiff alleged disability since September 10, 1995, due to asthma and depression. Tr. 256-65. His application was denied initially and on reconsideration. Tr. 186-87. On December 11, 2002, Plaintiff, represented by counsel, had a hearing before Administrative Law Judge ("ALJ") Edward P. Nichols. Tr. 451. Plaintiff and Vocational Expert ("VE") Michael Swanson testified at the hearing. Tr. 456- 493. On May

REPORT AND RECOMMENDATION
PAGE - 1

14, 2003, the ALJ issued an unfavorable decision, finding Plaintiff not disabled and therefore, ineligible to receive SSI payments. Tr. 14-25. Plaintiff requested review by the Appeals Council and submitted additional evidence to the Council. Tr. 11-13. On March 5, 2004, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. Tr. 7. Plaintiff timely filed his appeal with this Court.

## II. THE PARTIES' POSITIONS

Plaintiff requests that the Court reverse the Commissioner's decision and award immediate payment of benefits, or in the alternative, remand for a new hearing and decision. Plaintiff argues that the ALJ erred by: 1) improperly finding that Plaintiff suffered from a drug and alcohol abuse problem that was material to his disability; 2) improperly rejecting the opinion of Plaintiff's primary treating physician; and 3) improperly rejecting Plaintiff's credibility. Defendant responds that the Commissioner's decision should be affirmed because the ALJ applied correct legal standards and supported his decision with substantial evidence.

## III. STANDARD OF REVIEW

The court may set aside the Commissioner's denial of social security disability benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). Substantial evidence is defined as more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). Where the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion which must be upheld. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982).

## IV.  EVALUATING DISABILITY

The claimant bears the burden of proving that he is disabled. *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999).  Disability is defined as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment, which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. § 423 (d)(1)(A).

The Social Security regulations set out a five-step sequential evaluation process for determining whether claimant is disabled within the meaning of the Social Security Act.  *See* 20 C.F.R. § 416.920.  At step one, the claimant must establish that he or she is not engaging in any substantial gainful activity.  20 C.F.R. §§ 404.1520(b), 416.920(b).  At step two, the claimant must establish that he or she has one or more medically severe impairments or combination of impairments.  If the claimant does not have a "severe" impairment, he or she is not disabled.  *Id.* at § (c).  At step three, the Commissioner will determine whether the claimant's impairment meets or equals any of the listed impairments described in the regulations.  A claimant who meets one of the listings is disabled.  *See Id.* at § (d).

At step four, if the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, the Commissioner evaluates the claimant's residual functional capacity and the physical and mental demands of the claimant's past relevant work.  *Id.* at § (e).  If the claimant is not able to perform his or her past relevant work, the burden shifts to the Commissioner at step five to show that the claimant can perform some other work that exists in significant numbers in the national economy, taking into consideration the claimant's residual functional capacity, age, education, and work experience.  *Id.* at § (f); *Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999).  If the Commissioner finds the claimant is unable to perform other work, then the claimant is found disabled.

REPORT AND RECOMMENDATION
PAGE - 3

## V. SUMMARY OF THE RECORD EVIDENCE

Plaintiff was 28 years old at the time of the hearing before the ALJ. He has a ninth grade education, and his past work included cutting/racking fish, dishwasher, stacking lumber, meat packing in a slaughter house, cutting alders, and general labor. Tr. 75-80, 459-60, 462. Plaintiff testified that he has the following medical problems: asthma, ADHD, depression, and anxiety. Tr. 465. He indicated that dealing with people, making it on time, and not being able to do the job right prevent his working. Tr. 476-477. Evidence relevant to Plaintiff's allegations is incorporated into the discussion below.

## VI. THE ALJ'S DECISION

The ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged onset of disability. Tr. 18, 23. He found that Plaintiff has the following severe impairments: attention deficit disorder and drug and alcohol abuse. Tr. 19. At step three, the ALJ determined that when considering drug and alcohol abuse, Plaintiff's impairments meet section 12.09 of the listed impairment in Appendix 1, Subpart P, Regulation No. 4. Tr. 21, 23. However, when not considering drug and alcohol abuse, he found that Plaintiff's impairments do not meet or medically equal one of the listed impairments. Tr. 21, 24. The ALJ concluded that drug and alcohol abuse is therefore material. Tr. 21, 23.

The ALJ found that when not considering drug and alcohol abuse, Plaintiff retains the residual functional capacity for medium work. He can occasionally lift and/or carry 50 pounds, frequently lift and/or carry 25 pounds, stand and/or walk about 6 hours in an 8-hour workday, and sit about 6 hours in an 8-hour workday. The lifting limitations are attributable to asthma. Tr. 23, 24. The ALJ also found that non-exertionally, Plaintiff is limited to simple, structured, repetitive tasks in an environment with few distractions. He can work with few co-workers in a product-oriented job but should have limited contact with the public, and ne needs a fairly

REPORT AND RECOMMENDATION
PAGE - 4

"clean air" environment. *Id.* Thus, at step four, the ALJ found that when not considering drug and alcohol abuse, Plaintiff's impairments do not prevent him from performing his past relevant work as a dishwasher. *Id.* In reaching this conclusion, the ALJ found that Plaintiff's statements concerning his limitations and ability to work are not entirely credible. Tr. 21, 24. The ALJ concluded that Plaintiff had not been disabled at any time through the date of the decision, and he is not eligible for SSI payments. Tr. 23, 24.

## VII. DISCUSSION

A. <u>Materiality of Drug and Alcohol Abuse</u>

Plaintiff contends that the ALJ improperly found that he suffered from a drug and alcohol abuse problem that was material to his disability. Title 42 U.S.C. § 423(d)(2)(c) provides that "[a]n individual shall not be considered to be disabled for purposes of this subchapter if drug addiction or alcoholism would (but for this subparagraph) be a contributing factor material to the Commissioner's determination that the individual is disabled." The "key factor . . . in determining whether alcoholism or drug addiction is a contributing factor *material* to the determination of disability" is whether an individual would still be found disabled if he stopped using alcohol or drugs. 20 C.F.R §§ 404.1535, 416.935 (emphasis added). Accordingly, if the ALJ finds that the claimant is disabled and there is "medical evidence of [his or her] drug addiction or alcoholism," then the ALJ should proceed under §§ 404.1535 or 416.935 to determine if the claimant "would still [be found] disabled if [he or she] stopped using alcohol or drugs." *Bustamante v. Masannari*, 262 F.3d 949, 955 (9th Cir. 2001).

A review of the record in the present case reveals evidence that Plaintiff had a long history of alcohol and drug abuse that started in his early teens and continued until he was admitted to a recovery program in January, 2001 for polysubstance dependency. *See e.g.,* Tr. 117-18, 171, 304, 307, 404. Thus, after first conducting the five-step inquiry and determining

REPORT AND RECOMMENDATION
PAGE - 5

that Plaintiff meets section 12.09 of the listings (substance addiction disorders) when considering the effects of drug and alcohol abuse ("DAA"), the ALJ properly proceeded to determine if the claimant would still be disabled when not considering DAA.

Here, Plaintiff challenges the ALJ's conclusion that DAA was material to his disability, arguing that the ALJ erred by ignoring the opinion of his treating physician Dr. Pauli, who opined that Plaintiff suffered from disabling limitations even when not considering Plaintiff's drug and alcohol abuse disorder. He also argues that the ALJ's hypothetical to the vocational expert ("VE") improperly ignored Dr. Pauli's medical opinion.

Treating Physician's Opinion

Where the treating doctor's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991)). "Clear and convincing" reasons are also required to reject the treating doctor's ultimate conclusions. *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988). Even if the treating doctor's opinion is contradicted by another doctor, the Commissioner may not reject this opinion without providing "specific and legitimate reasons" supported by substantial evidence in the record for doing so. *See Lester*, 81 F.3d at 830; *Magallanes v. Bowen*, 881 F.2d 747, 751-55 (9th Cir. 1989).

At issue here are Dr. Pauli's opinions from his psychiatric evaluations of Plaintiff on May 10, 1999, November 20, 2001, and May 20, 2002. The ALJ accurately summarized the contents of these evaluations in his decision. Tr. 19-20. Plaintiff's argument specifically focuses on the fact that in November, 2001, and again in May, 2002, Dr. Pauli opined that Plaintiff's mental disorders imposed "marked" limitation on his "[a]bility to understand, remember, and follow complex (more than two step) instructions." Tr. 366, 370. Plaintiff also notes that Dr. Pauli diagnosed ADHD and "Alcohol Dependence in Remission." Tr. 365, 369.

REPORT AND RECOMMENDATION
PAGE - 6

He contends that these diagnoses reveal that the treating physician believed that Plaintiff was not suffering from any substance abuse disorder at the times he performed these mental evaluations. Plaintiff argues that the ALJ did not consider or give any credit to the opinion, and gave no reason to reject it.

However, the record reflects that the ALJ did not reject Dr. Pauli's opinion. Indeed, in his decision, the ALJ specifically states that "I will concur with the non-exertional limitations assessed . . . [by] the treating physician, Dr. Pauli (Exhibits 1F, 12F, and 13F)." Tr. 23. Additionally, in assessing Plaintiff's RFC, the ALJ found that Plaintiff is "limited to *simple*, structured, repetitive tasks in a environment with few distractions." Tr. 23, 24 (Emphasis added). This finding is consistent with Dr. Pauli's notation on the November, 2001, and May, 2002, psychiatric evaluation forms indicating that Plaintiff suffers no limitations on his "ability to understand, remember, and follow *simple* (one or two step) instructions." Tr. 366, 370 (Emphasis added).

Moreover, the ALJ's hypothetical to the VE included both "drug and alcohol use which is in remission" (Tr. 486) and a non-exertional limitation to "pretty *simple structure, repetitive* sort of work, like up to three steps, maybe four steps just repetitive" (Tr. 487). (Emphasis added). Furthermore, when Plaintiff's counsel questioned the VE about the impact of instructions involving more than two-step instructions, as noted in a "marked limitation," the VE responded, "It may impact [the person's] ability in terms of the initial learning, but I don't think it would necessarily prevent him from doing any of those jobs [dishwasher, laundry worker, or bakery worker]." Tr. 492.

Given these facts, I find that the ALJ did not reject the opinion of Plaintiff's treating physician and did not omit the limitations identified by Dr. Pauli from his hypothetical to the VE. Accordingly, I conclude that the ALJ did not err in relying on the VE's opinion in

REPORT AND RECOMMENDATION
PAGE - 7

determining that when not considering drug and alcohol abuse, Plaintiff could perform his past work as dishwasher. Likewise, the ALJ did not err in determining that drug and alcohol abuse was material to Plaintiff's disability.

B.  Assessment of Plaintiff's Credibility

Plaintiff argues that the ALJ's reasons for rejecting his credibility are contrary to law and not based on substantial evidence. If a claimant has established an underlying impairment which reasonably could be expected to produce the alleged subjective complaints and there is no evidence of malingering, the ALJ must provide clear and convincing reasons for rejecting the claimant's testimony. *See Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996). General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints. *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993); *Varney v. Sec'y of Health and Human Servs.*, 846 F.2d 581, 584 (9th Cir. 1988) (Varney I).

In assessing credibility, the ALJ may consider, for example: 1) ordinary techniques of credibility evaluations, such as the claimant's reputation for lying and prior inconsistent statements concerning the symptoms; 2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; 3) the claimant's daily activities; and 4) medical evidence tending to discount the severity of subjective claims. *Rollins v. Massanari*, 261 F.3d 853, 856-57 (9th Cir. 2001).

In the present case, Plaintiff testified that he has difficulty with comprehending and reading, stating that "I can read, but I can't remember what I read." Tr. 456, 457. He can make change and do basic math. Tr. 457. He testified that he had about seven different jobs during 1990-95, with three or four months being the longest time worked at one job. Tr. 460. He stated that his depression, irritation, and anxiety around people were the reasons his jobs

1  ended. Tr. 460-61.  Plaintiff also stated that he had been fired about five times because he was

2  "not making it and then messing up." Tr. 461.  He denied that use of alcohol or drugs had

3  anything to do with his losing jobs. *Id.*  Plaintiff testified that "DUI, drinking and stuff" is what

4  led him into treatment; however, he had not used drugs and alcohol since he started treatment in

5  1999 or 2000. Tr. 470-71.

6  Plaintiff identified asthma, ADHD, depression and anxiety as his medical problems.  Tr.

7  465.  He testified that his ADHD results in confusion and forgetfulness (Tr. 466); he feels

8  nervous and gets sweaty palms when around other people (Tr. 468-69); and he gets frustrated

9  when he has too much on his mind or has something to do that seems impossible, but should not

10 be (Tr. 469).  He noted that his depression goes up and down, but the medication Wellbutrin

11 controls it. Tr. 471-72.  Plaintiff also testified that his asthma is under control with medication

12 (Tr. 474), but causes him problems when he gets "motivated and working" (Tr. 475).

13 Plaintiff listed coloring, watching movies, taking walks and bike rides as activities he

14 does on weekends with his 7-year-old daughter. Tr. 478.  During the week, he watches TV and

15 helps his mom the best he can with chores around the house, including doing dishes, sweeping

16 the floor, and hauling a bit of firewood. Tr. 479-80.  Plaintiff also stated that he goes fishing

17 maybe seven times a year. Tr. 481.

18 The ALJ listed a number of reasons for finding the claimant not entirely credible, based

19 generally on his observation of Plaintiff at the hearing and his determination that the record as a

20 whole does not support Plaintiff's symptoms and degree of pain. *See* Tr. 21-22.  Some of the

21 ALJ's reasons are not supported by evidence in the record and do not constitute "clear and

22 convincing" reasons for discrediting Plaintiff's credibility.   As argued by Plaintiff, those reasons

23 include the ALJ's reference to Plaintiff's "pain symptoms," his contention that Plaintiff was not

24 "completely" compliant with treatment, and his discrediting of Plaintiff's asthma symptoms on

25

26 REPORT AND RECOMMENDATION
PAGE - 9

the basis that Plaintiff smoked cigarettes.

However, having carefully reviewed the record, I conclude that other reasons identified by the ALJ satisfy the "clearing and convincing" standard. Among other things, the ALJ noted that Plaintiff did not seem at all depressed during the hearing. Tr. 21. The ALJ stated that "[d]espite the relatively serious problems reported by the claimant, physicians found no or only mild objective findings and observed no major difficulties with functioning during the examinations except for drug and alcohol abuse." Tr. 22. The ALJ also noted that Plaintiff has been prescribed and has taken appropriate medications for his impairments, and the record reveals that the medications have been relatively effective in controlling his symptoms. Tr. 22. Evidence in the medical records, as well as Plaintiff's own testimony at the hearing that his depression and asthma were under control with medication supports these reasons.

In identifying other factors that undermine Plaintiff's credibility, the ALJ indicated that his drug and alcohol abuse was material. He noted that Plaintiff admits when he used drugs and alcohol, he quit school, lost jobs, and was hospitalized for drug-induced psychosis, and when he stopped using substances for a while, he attempted to return to school and had decent activities of daily living. He also enjoyed reading, exercising and riding his bike. He was able to perform his own self-care and activities of daily living. The ALJ concluded that it is apparent that Plaintiff is capable of engaging in a somewhat normal level of daily activity, social interaction, and activities that require concentration when not using substances. Although the ALJ did not identify the source of evidence supporting these reasons in his decision, such support is indeed present in the record. *See e.g.,* Tr. 285 (Plaintiff stating "I can pretty well take care of my personal needs"); Tr. 305 (Dr. Pauli notes that Plaintiff likes to fish and bicycling); Tr. 313, 315 (Plaintiff going to learning center at BTC to get into computer courses); Tr. 427 (Plaintiff states

REPORT AND RECOMMENDATION
PAGE - 10

"I like to read and exercise); Tr. 432 (Plaintiff indicates plan to go to school when out of recovery).

Accordingly, because the ALJ identified several clear and convincing reasons based on Plaintiff's daily activities and medical evidence tending to discount the severity of Plaintiff's symptoms, I find that he did not err in finding Plaintiff's testimony not entirely credible.

## VIII.  CONCLUSION

The Commissioner's determination to deny Plaintiff SSI benefits is supported by substantial evidence and is free of legal error.  Based on the record evidence, the undersigned recommends that the Commissioner's decision be AFFIRMED.  A proposed Order accompanies this Report and Recommendation.

DATED this 1st day of September, 2005.

_____
Monica J. Benton
United States Magistrate Judge