UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JAMES HADRATH,

    Plaintiff,

  v.

JO ANNE B. BARNHART,

    Defendant.

CASE NO. C04-0728C

ORDER

    This matter has come before the Court on the Report and Recommendation (Dkt. No. 25) of the Honorable Monica J. Benton, United States Magistrate Judge, and the objections (Dkt. No. 26) thereto. Having carefully considered the papers filed by the parties and Magistrate Judge Benton's Report and Recommendation ("R&R"), the Court hereby ADOPTS the R&R and AFFIRMS the decision of the Commissioner of Social Security.

    The Commissioner's decision to deny benefits "will be disturbed only if it is not supported by substantial evidence or it is based on legal error." *Brawner v. Sec'y of Health & Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1987), *quoting Green v. Heckler*, 803 F.2d 528, 529 (9th Cir. 1986). "Substantial evidence means more than a scintilla but less than a preponderance.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Magallanes v. Bowen*, 881 F.2d

ORDER – 1

747, 750 (9th Cir. 1989).

In the case at bar, Plaintiff argues that the ALJ improperly rejected or discredited (1) the opinion of Plaintiff's primary treating physician ("PTP"), and (2) Plaintiff's testimony.

With respect to the former, Plaintiff claims that the ALJ's hypothetical to the vocational expert ("VE") improperly rejected or ignored his primary treating physician's opinion because the hypothetical posited an individual who could perform work described as "pretty simple structure, repetitive sort of work, like up to three steps, maybe four steps just repetitive." (Tr. 487.) The PTP had noted that Plaintiff suffered no limitations on his "ability to understand, remember, and follow simple (one or two step) instructions." (Tr. 366, 370.) Plaintiff argues that "[i]f a person is unable to understand instructions involving more than two steps, it should be quite obvious that he is unable to understand instructions that involve four steps." (Obj. at 2.) However, the PTP did not say that Plaintiff was unable to understand instructions involving more than two steps. Rather, he said that Plaintiff suffered no limitation on his ability to understand one- or two-step instructions. While this implies an impairment in Plaintiff's ability to understand three- and four-step instructions, it does not mean that Plaintiff is totally incapable of doing so. For this reason, the Court finds that the ALJ's hypothetical to the VE properly considered and incorporated the PTP's assessment.

With respect to the ALJ's treatment of Plaintiff's testimony, Plaintiff contends that the ALJ improperly considered his personal observations of Plaintiff at the hearing in rejecting Plaintiff's allegation of mental illness. (Obj. at 6.) While the Ninth Circuit "has disapproved of so-called 'sit and squirm' jurisprudence, the inclusion of the ALJ's personal observations does not render the decision improper." *Verduzco v. Apfel*, 188 F.3d 1087, 1090 (9th Cir. 1999) (citing *Perminter v. Heckler*, 765 F.2d 870, 872 (9th Cir. 1985), and *Morgan v. Comm'r of Soc. Sec.*, 169 F.3d 595, 600 (9th Cir. 1999)). More to the point, an ALJ may rely on his or her personal observations of a plaintiff in concluding that the plaintiff's testimony is unbelievable in general. *Id.* In the case at bar, the transcript of the hearing shows that the ALJ used his personal observations to determine that Plaintiff was not entirely credible, rather than

ORDER – 2

relying on them to effect his own diagnosis of Plaintiff's mental condition. (Tr. 21-22.) For this reason, the Court finds that the ALJ's reliance on his personal observation was proper and permissible.

Plaintiff's objections also point out several excerpts from Plaintiff's treating physicians that could support a finding opposite to the ALJ's ultimate conclusion. Despite the evidence Plaintiff marshals in his favor, the Court finds that the ALJ's conclusions are supported by "such relevant evidence as a reasonable mind might accept as adequate to support [that] conclusion." *Magallanes*, 881 F.2d at 750. In so finding, the Court notes that it may only disturb the Commissioner's decision if the decision is not supported by substantial evidence, and that "substantial evidence" need not rise to the level of a "preponderance" of the evidence. *Id.*

For the foregoing reasons, the Court ADOPTS the R&R and AFFIRMS the decision of the Commissioner of Social Security.

SO ORDERED this 30th day of September, 2005.

_____
UNITED STATES DISTRICT JUDGE

ORDER – 3